CASE NO. 10-2348

IN THE
# UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

_____

EMILY KROLL
*Plaintiff-Appellant*

v.

WHITE LAKE AMBULANCE AUTHORITY
*Defendant-Appellee,*

On Appeal from the United States District Court
for the Western District of Michigan
Southern Division

_____

REPLY BRIEF OF APPELLANT

Oral Argument Requested

_____

Bradley K. Glazier (P35523)
BOS & GLAZIER, P.L.C.
990 Monroe Avenue, N.W.
Grand Rapids, MI 49503-1423
(616) 458-6814
*Counsel for Appellant*

# **TABLE OF CONTENTS**

Page

INDEX OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii-iv

I.   INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.  ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    A.   Plaintiff Has Standing to Raise her ADA Claims. . . . . . . . . . . . . . . 2

    B.   The Psychological Counseling Mandated by the
        Defendant was a Regulated Medical Examination.. . . . . . . . . . . . . . 6

        1.   The Counseling Was to Be Conducted by
            a Psychologist. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

        2.   The Counseling Was to Include Therapy
            and Treatment. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

        3.   The Counseling Was to Include a
            "Medical Examination." . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

    C.   The Cases Cited in Defendant's Brief Support
        Plaintiff's Claim that the Compelled Counseling
        Was a Medical Examination. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

III. CONCLUSION AND RELIEF SOUGHT. . . . . . . . . . . . . . . . . . . . . . . . 11

# **TABLE OF CASES, CITATIONS, AND AUTHORITIES**

Page

*American Title Ins. Co. v. Lacelaw Corp.,*
    861 F.2d 224 (9th Cir. 1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Armstrong v. Turner Indus., Inc.,*
    141 F.3d 554 (5th Cir. 1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

*Barnes v. Cochran,*
    944 F.Supp. 897 (S.D. Fla. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Boise v. Capital Area Cmty. Servs.,*
    188 F.3d 506 (table, text at 1999 WL 618085)
    (6th Cir. Aug. 4, 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

*Conroy v. New York State Dept. Of Corr. Services,*
    333 F.3d 88 (2nd Cir. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Cossette v. Minnesota Power & Light,*
    188 F.3d 964 (8th Cir. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Denman v. Davey Tree Expert Co.,*
    266 Fed. Appx. 377, 2007 WL 4561504 (6th Cir. 2007). . . . . . . . . . . . . . . . 3

*Fisher v. Harvey,*
    No. 1:05-cv-102, 2006 WL 849868, n. 2 (E.D. Tenn. Mar. 31, 2006). . . . . 4

*Freedom From Religion Found. Inc. v. Nicholson,*
    536 F.3d 730 (7th Cir. 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Indergard v. Georgia-Pac. Corp.,*
    582 F.3d 1049 (9th Cir. 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Jackson v. Lake County,*
    No. 01-C-6528, 2003 WL 22127743 (N.D. Ill. Sept. 13, 2003).. . . . . . . . . . 2

*Jaques v. Herbert*,
    477 F. Supp. 2d 858 (N.D. Ohio 2006).. . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Lentz v. City of Cleveland*,
    410 F. Supp.2d 673 (N.D. Ohio 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Roberts v. Rayonier, Inc.,*
    326 F. Supp.2d 1323 (M.C. Fla. 2004) *affirmed in part,
    vacated in part*, 135 Fed. Appx. 351, No. 04-14031,
    2005 WL 1412066 (11th Cir. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 8

*Roe v. Cheyenne Mountain Conference Resort, Inc.,*
    124 F.3d 1221 (10th Cir. 1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

*Sullivan v. Riber Valley Sch. Dist.,*
    197 F.3d 804 (6th Cir. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*U.S. v. Munoz,*
    605 F.3d 359 (6th Cir. 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*U.S. v. One Heckler-Koch Rifle*,
    629 F.2d 1250 (7th Cir. 1980). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Statutes and Regulations

42 U.S.C. § 12112. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Other

EEOC Enforcement Guidance: Disability Related Inquiries and
Medical Examinations of Employees Under the Americans
With Disabilities Act, No. 915.002 (July 27, 2000)
*available at* www.eeoc.gov/policy/docs/guidance-inquiries.html. . . . . . . . . . *passim*

*Federal Practice and Procedure §2723,*
    10A Charles Alan Wright, Arthur R. Miller, Mary Kay Kane. . . . . . . . . . . . 7

## I.  INTRODUCTION

Defendant's brief on appeal makes two arguments: that plaintiff lacked standing to assert her ADA claim because she refused to take part in the counseling compelled by her employer and that the psychological counseling the defendant required of the plaintiff as a condition of her employment was not a "medical examination" or "disability inquiry" as defined by the Americans with Disabilities Act ("ADA").  For the reasons offered below, the defendant's arguments should be rejected.

Defendant's standing argument assumes that the plaintiff did not suffer an adverse employment action.  But plaintiff's termination for her refusal to undergo counseling is the classic example of an adverse employment action–wrongful discharge.

Defendant admitted in a brief filed with the district court that it required the plaintiff to seek psychological "treatment and therapy," not just counseling, as a condition of her continued employment.  The record also shows that defendant expected a psychologist to provide the treatment and therapy.  Defendant's request triggered the medical examination provisions of the ADA and the district court erred in concluding that defendant's demand that plaintiff seek psychological treatment and therapy did not constitute a "medical examination" as defined in the ADA.

## II.    ARGUMENT

### A.    Plaintiff Has Standing to Raise her ADA Claims.

Defendant asserts that plaintiff does not have standing to raise her ADA claims because "she never underwent counseling, which she claims was a medical examination under the ADA." [1] (Defendant's brief, p. 29).  In other words, defendant claims that only plaintiffs who comply with an alleged unlawful medical examination request have standing to assert an ADA claim in court.  This illogical assertion is not supported by the law.

Federal courts have exercised jurisdiction in cases brought by employees who were fired for refusing to abide by their employers' demands for medical examinations.  In *Roberts v. Rayonier, Inc.*, 326 F. Supp. 2d 1323 (M.D. Fla. 2004), *affirmed in part, vacated in part*, 135 Fed. Appx. 351, No. 04-14031, 2005 WL 1412066 (11th Cir. 2005), the court exercised jurisdiction over a claim that an employee was fired for refusing to participate in an assessment examination.  In *Jackson v. Lake County*, No. 01 C 6528, 2003 WL 22127743 (N.D. Ill. Sept. 13, 2003), the court exercised jurisdiction over a claim that an employee was fired for

---

[1] Defendant's standing argument was not raised in the district court and it was not a basis for the district court's decision.  Plaintiff agrees with defendant, however, that standing is a jurisdictional issue that may be raised for the first time on appeal.  *See*, *Freedom From Religion Found. Inc. v. Nicholson*, 536 F.3d 730, 737 (7th Cir. 2008).

refusing to participate in a mental status examination. In *Denman v. Davey Tree Expert Co.*, 266 Fed. Appx. 377, 2007 WL 4561504 (6th Cir. 2007), this court exercised jurisdiction over a claim that a former employee was fired for refusing to abide by his employer's request for medical information and an independent medical examination. These cases indicate that a plaintiff need not participate in a forbidden medical examination in order to challenge the examination.

In addition, the ADA, by its terms, does not require an employee to capitulate to an employer's request for a medical examination in order to challenge an adverse employment action based on her refusal. The ADA explicitly prohibits employers from making disability-related inquiries of employees, unless the inquiry is job-related and consistent with business necessity. 42 U.S.C. § 12112(d)(4)(A). This provision applies to all employees. Unlike suits based on a failure to provide a reasonable accommodation, this provision is not limited to qualified individuals with disabilities. *Cf.* 42 U.S.C. § 12112(b)(5)(A). *See, e.g., Roe v. Cheyenne Mountain Conference Resort, Inc.,* 124 F.3d 1221, 1229 (10th Cir. 1997)("[I]t makes little sense to require an employee to demonstrate that he has a disability to prevent his employer from inquiring as to whether or not he has a disability.").[2]

---

[2] The district court did not reach the issue of whether an employee must be a "person with a disability," as defined under the ADA, to proceed with a cause of action based on 42 U.S.C. § 12112(d). While the Sixth Circuit has expressly declined to evaluate the issue, see *Boise v. Capital*

The cases cited in defendant's brief do not state otherwise. In *Armstrong v. Turner Indus., Inc.*, 141 F.3d 554, 561 (5th Cir. 1998), the plaintiff did not assert on appeal that he suffered an adverse employment action because he refused to submit to a medical examination. The court explained the absence of this assertion made it "an atypical and uncommon suit." The court's opinion states:

> Under the "make whole" remedial theory, a court's first task is to determine the injuries caused by discrimination that require judicial relief. In other words, the court must ascertain in what way the plaintiff is not "whole." In the vast majority of employment discrimination cases, the asserted injury is an adverse employment decision ( e.g., refusal to hire, denial of promotion, or wrongful discharge), allegedly caused by or "because of" discrimination on the basis of a prohibited characteristic or trait such as gender, race, religion, national origin, age, or disability. *In this sense, the case sub judice, at least as presented on appeal, presents an atypical and uncommon suit. Although the original complaint did allege an adverse employment action-Turner's refusal to hire Armstrong due to perceived disability-this claim was rejected by the court below and that ruling has not been challenged on appeal.* The magistrate judge determined that there was no evidence indicating the employment action in question was tainted by disability discrimination, and consequently it does not constitute a compensable injury. Armstrong does not challenge this conclusion on appeal.

---

*Area Comty. Servs.*, 188 F.3d 506 (table, text at 1999 WL 618085) (6th Cir. Aug. 4, 1999), other federal circuit courts and district courts within this circuit have held that a plaintiff need not be disabled. *See*, *Roe v. Cheyenne Mountain Conf. Resort, Inc.*, 124 F.3d 1221, 1229 (10th Cir. 1997); *Cossette v. Minnesota Power & Light*, 188 F.3d 964, 969-70 (8th Cir.1999); *Lentz v. City of Cleveland*, 410 F. Supp. 2d 673 (N.D. Ohio 2006); and *Fisher v. Harvey*, No. 1:05-cv-102, 2006 WL 849868, n.2 (E.D. Tenn. Mar. 31, 2006) (collecting cases). This is also the position of the EEOC. *See*, EEOC Enforcement Guidance on Disability-Related Inquiries and Medical Examinations of Employees under the Americans with Disabilities Act (July 27, 2000) ("EEOC Guidance"), *available at* www.eeoc.gov/policy/docs/guidance-inquiries.html. (R. 51, Ex. 8).

*Id.* at 560 (footnotes omitted; emphasis added). Emily Kroll, by contrast, has alleged that she was terminated because she refused to participate in a medical examination.

The other cases cited in defendant's brief stand for the simple proposition that the plaintiff must show an "injury" or an "injury in fact" in order to have standing. (Defendant's brief, p. 30-31). Plaintiff agrees with this notion. But in this case, plaintiff asserts that she was fired because she refused to engage in the psychological counseling mandated by her employer. Plaintiff's case is the typical case where "the asserted injury is an adverse employment decision - wrongful discharge." *Armstrong*, 141 F.3d at 561.

Defendant's brief also asserts that plaintiff "was willing to undergo counseling." (Defendant's brief, p. 31). While plaintiff at one time did express some willingness to see a counselor if defendant paid for the treatment, defendant told the plaintiff that she would have to pay the counseling expenses. (R. 51, Ex. 11, Dressen deposition, p. 39). Defendant's refusal to pay for mandated counseling violated the medical examination guidance of the EEOC. (R. 51, Ex. 8, Answer No. 12, p. 12). Moreover, at the time of her termination, plaintiff did refuse to engage in counseling. (R. 51, Ex. 13, Holmstrom dep, p. 10-11). And it was that refusal that caused her termination. (*Id.*) For all of these reasons, plaintiff has standing to challenge her employment termination.

## B. The Psychological Counseling Mandated by the Defendant was a Regulated Medical Examination.

### 1. The Counseling Was to Be Conducted by a Psychologist.

Defendant argues that the counseling mandated by White Lake Ambulance Authority ("WLAA") was not a medical examination because it was not going to include an evaluation by a psychologist. Without a citation to the record, defendant's brief states: "WLAA never required plaintiff to see a psychologist, and there is nothing in the record to suggest otherwise." (Defendant's brief, p. 19). But contrary to defendant's assertion, Brian Binns, defendant's director and the person who compelled the counseling, testified that he did request plaintiff to see psychologist.

> Q. Would it be fair to say that the request was that she see a psychologist to discuss issues related to her mental health?
>
> A. Correct.

(R. 51, Ex. 9, Binns dep, p. 60).

Defendant's brief focuses on the discussions that took place between Jean Dressen and Emily Kroll regarding counseling. But Ms. Dressen asserts that as the office manager she "didn't have the authority to tell her that she had to go and her job depended on it." (R. 51, Ex. 11, Dressen dep, p. 42). Ms. Dressen asserted that it was Mr. Binns who had that authority and she was present when Mr. Binns told the plaintiff that "she needed to get some counseling." (*Id*. at 43).

6

### 2. The Counseling Was to Include Therapy and Treatment.

Defendant's brief on appeal asserts that "Plaintiff cannot demonstrate that the Plaintiff was required to undergo psychological evaluation or treatment." (Defendant's brief, p. 19). But in its reply brief filed with the district court, WLAA admitted that it required plaintiff to obtain both treatment and therapy. Defendant's reply brief stated: "It is respectfully submitted that there are no genuine issues of material fact that WLAA was faced with business necessity on April 28, 2008, ***and that its actions in requiring Plaintiff to obtain treatment and therapy for her mental and emotional problems*** did not violate the Americans with Disability (sic) Act." (R.55, defendant's reply brief, p. 2) (emphasis added). Similar statements were repeated on page 5 and page 8 of the reply brief. (*Id*.)

A party is bound by the acts of its attorneys. *U.S. v. Munoz*, 605 F.3d 359, 368 (6th Cir. 2010). And representations of counsel in a brief are generally treated as admissions. *See*, *American Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir.1988) (citing *U.S. v. One Heckler-Koch Rifle*, 629 F.2d 1250, 1253 (7th Cir.1980); 10A Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, *Federal Practice and Procedure* § 2723, pp. 64-66 (1983)). At the very least, the defendant's inconsistent positions in the district court and in this court support plaintiff's position that there are genuine issues of fact over who would have been the plaintiff's counselor and whether

"treatment and therapy" would have been part of the counseling.

Finally, the EEOC Guidance states that administration and interpretation of a test or procedure by a "health care professional" are two of the factors to consider in deciding whether a test or procedure is a medical examination. (R. 51, Ex. 8, No. 2, p. 5). Defendant argues that the counselor did not have to be a psychologist, but it does not assert that the counselor would not have been a "health care professional."

### 3. The Counseling Was To Include a "Medical Examination."

The reason defendant argues that it never requested plaintiff to see a psychologist and that therapy or treatment was not going to be part of the counseling is because both facts are critical to the medical examination analysis. The EEOC Guidance indicates that use of a "health care professional" is relevant to two of the factors used to determine whether a test or procedure is a "medical examination." (R. 51, Ex. 8, EEOC Guidance, No. 2, p. 5). The case law also indicates that an examination by a psychologist meets the test for a medical examination. *See*, *Barnes v. Cochran,* 944 F. Supp. 897 (S.D. Fla. 1996); *Roberts v. Rayonier Inc.*, 135 Fed. Appx. 351, No. 04-14031, 2005 WL 1412066 (11th Cir. 2005) (issue of whether a "psychological assessment" of an executive was a medical examination remanded to the district court). Another factor is "whether the test is designed to reveal an impairment of physical or mental health." (R. 51, Ex. 8, EEOC Guidance, No. 2, p.

5).

Defendant's admissions that plaintiff was required to receive "treatment and therapy" through a psychologist requires the conclusion that defendant was looking to determine whether Ms. Kroll suffered from a mental health impairment. At a minimum, those admissions create a fact issue over whether the treatment compelled by defendant would have encompassed a "medical test" as defined by the ADA and the EEOC guidance.

### C. The Cases Cited in Defendant's Brief Support Plaintiff's Claim that the Compelled Counseling Was a Medical Examination.

The defendant's brief cites to this court's decision in *Sullivan v. River Valley Sch. Dist.*, 197 F.3d 804 (6th Cir. 1999), in support of the district court's conclusion that compelled counseling is not a medical examination. (Defendant's brief, p. 20). But in *Sullivan*, this court assumed that "mental and physical fitness-for-duty examinations ordered by the school board" were medical examinations prohibited by the ADA, absent a showing of job-relatedness and business necessity. *Id*. at 811.

Defendant's brief refers to "deteriorating performance" as a justification for a medical examination that may be unrelated to an employee's disability. (Defendant's brief, p. 21). But as noted in plaintiff's principal brief on appeal, there were no issues raised regarding plaintiff's performance and her job performance was not cited as a

justification for the compelled counseling. (Plaintiff's brief, p. 10). Plaintiff was told by Brian Binns that it was her off-work conduct and inappropriate relationships with men that caused him to require her to undergo counseling. (Plaintiff's brief, R. 51, Exhibit 14, Kroll dep, p. 174, ln. 18-25 - p. 175, ln. 1).

Defendant's brief cites *Conroy v. New York State Dept. of Corr. Services*, 333 F.3d 88 (2nd Cir. 2003), for the proposition that an employee must be "ordered to undergo an examination" to be protected by the medical examination provisions of the ADA. (Defendant's brief, p. 21). But *Conroy* involved a "Sick Leave Directive" that required employees to bring a medical certification upon returning to work after certain absences. The certification was required to include "a brief general diagnosis" that is "sufficiently informative as to allow [the department of corrections] to make a determination concerning the employee's entitlement to leave or to evaluate the need to have an employee examined by [the Employee Health Service] prior to returning to duty." *Id*. at 92.

The court in *Conroy* found the directive to violate the medical examination provisions of the ADA. The court did not discuss or evaluate whether Mr. Conroy was directed to a particular physician, as suggested in defendant's brief. Rather, the court found the directive itself was unlawful, unless on remand the employer could prove a business necessity defense. *Id.* at 98-99.

The case of *Indergard v. Georgia-Pac. Corp.*, 582 F.3d 1049 , 1054 (9th Cir. 2009), cited in defendant's brief at page 22, is of little help to the court. That case held that a physical capacity examination was a medical test under the ADA. The case did not involve mental health issues or counseling. In fact, the only case cited in defendant's brief where the court found an employer-compelled event did not constitute an ADA regulated medical examination is *Jaques v. Herbert*, 447 F. Supp. 2d 858 (N.D. Ohio 2006). The *Jaques* case was relied upon by the district court and is addressed at pages 19 and 20 of plaintiff's principal brief. The *Jaques* case is easily distinguishable because there was no psychological examination or psychological treatment that was a component of the drug treatment program that the plaintiff in *Jaques* voluntarily agreed to. And there was no report to the company about the results of the treatment. (Plaintiff's appeal brief, p 20).

## III.

## CONCLUSION AND RELIEF SOUGHT

For the foregoing reasons, Emily Kroll respectfully requests this court to reverse the district's court's decision granting the defendant's summary judgment motion and she requests this court to remand this case to the district court for a trial on the merits.

                                        BOS & GLAZIER, P.L.C.
                                        Attorneys for Appellant

Date: February 15, 2010        By:  */s/ Bradley K. Glazier*
                                               Bradley K. Glazier (P35523)
                                               990 Monroe Avenue, N.W.
                                               Grand Rapids, MI  49503
                                               (616) 458-6814

# CERTIFICATE OF COMPLIANCE

Pursuant to the 6th Cir. R. 32(a)(7)(C), the undersigned certifies this Brief complies with the type-volume limitations of 6th Cir. R. 32(a)(7)(B).

1. Exclusive of the exempted portions in 6th Cir. R. 32 (A)(7)(B)(iii), the Brief contains 2,711 words.

2. The Brief has been prepared in proportionately spaced typeface using: Times New Roman 14.

3. The undersigned understands a material misrepresentation in completing this Certificate, or circumvention of the type-volume limits in 6th Cir. R. 32(a)(7), may result in the Court's striking the Brief and imposing sanctions against the person signing the Brief.


Dated: February 15, 2010.            /s/ Bradley K. Glazier
                                    Bradley K. Glazier
                                    Attorney for Appellant

## **PROOF OF SERVICE**

     I hereby certify that on February 15, 2010, the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by placing a true and correct copy in the United States mail, postage prepaid, to their address of record.


Date: February 15, 2010     By:   */s/ Bradley K. Glazier*
                                                 Bradley K. Glazier (P35523)
                                                 BOS & GLAZIER, P.L.C.
                                                 990 Monroe Avenue, N.W.
                                                 Grand Rapids, MI  49503
                                                 Telephone: (616) 458-6814
                                                 Facsimile: (616) 459-8614
                                                 bglazier@bosglazier.com
                                                 *Attorney for Plaintiff-Appellant*


.115671